FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 SEP 30  PM 3 17

STEPHAN HARRIS, CLERK
CASPER

Kyle J. Long
Robert G. Pahlke
THE ROBERT PAHLKE LAW GROUP
2425 Circle Drive, Suite 200
Scottsbluff, NE 69363
(308) 633-4444
(308) 633-4445(f)
Email:  kyle@pahlkelawgroup.com
          rgp@pahlkelawgroup.com

Ian K. Sandefer
FULLER, SANDEFER & ASSOCIATES
Attorneys at Law, LLC
242 South Grant Street
Casper, WY 82601
(307) 265-3455
(307) 265-2895(f)
Email: sandefer@fullersandeferlaw.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| CHRISTOPHER GAGE and HEATHER GAGE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  14CV193 |
| | ) | |
| BUFFETS, INC., a/k/a OVATION BRANDS, | ) | |
| d/b/a OLD COUNTRY BUFFET; and | ) | |
| JOHN DOE 1, fictitious name as real name | ) | |
| and address unknown, | ) | |
| | ) | |
| Defendants. | ) | |

---

### COMPLAINT AND JURY DEMAND

---

For their claims against DEFENDANTS BUFFETS, INC., a/k/a OVATION BRANDS,

Receipt # CAS000 1345
Summons: 1  issued
           not issued

1

d/b/a OLD COUNTRY BUFFET and JOHN DOE 1, PLAINTIFFS CHRISTOPHER GAGE and HEATHER GAGE allege as follows:

1.      Plaintiffs, CHRISTOPHER GAGE and HEATHER GAGE, are residents of Bridgeport, Morrill County, Nebraska.  Plaintiff's purchased and consumed food and drink at the Defendant's restaurant known as Old Country Buffet, formerly located at 1400 Dell Range Blvd., Cheyenne, Wyoming, causing Mr. Gage's infection by *Salmonella* and related injuries, described below.

2.      Defendant Buffets, Inc. is a Minnesota corporation with its principal place of business in South Carolina, and is also known under the assumed name of Ovation Brands, a Minnesota Business Name.  Defendant operates a chain of restaurants under the name of "Old Country Buffet," including the Old Country Buffet restaurant, formerly located at 1400 Dell Range Blvd., Cheyenne, Wyoming.  At all times material hereto, Defendant was carrying on in its ordinary course of business; the manufacture, preparation, service and sale of food to its customers at that location, and as such, was doing business in Laramie County, Wyoming.

3.      Defendant John Doe 1 is a party that owned and operated Old Country Buffet in Laramie County, Cheyenne, Wyoming.   Alternatively, if Buffets, Inc. operates with a different name or entity, then such entity is hereby named as a defendant and all allegations and request for relief are hereby incorporated by reference against such entity.

4.      This court is vested with jurisdiction over the Defendant because, at all times material hereto, it was a corporation doing business as, and maintaining a place of business in, the State of Wyoming.

5.      This court is vested with original jurisdiction pursuant to 28 U.S.C.§1332 as all parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.      Venue is proper in this court as a substantial part of the events and omissions giving rise to this claim occurred within the judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

7.      In September, 2010, the Laramie County Health Department received reports that multiple individuals were sickened after eating at the Old Country Buffet in Cheyenne, Wyoming.  On September 30, 2010, officials from the health department performed an inspection of the premises and discovered 18 violations on that day.

8.      On October 1, 2010, Plaintiffs purchased and consumed food at the Defendants' Old Country Buffet restaurant in Cheyenne, Wyoming.

9.      After approximately 12 hours, Mr. Gage began to experience gastrointestinal symptoms caused by the *Salmonella* bacteria he had ingested from the food and/or beverage prepared and served to him by the Defendant.

10.     Over the following days, Mr. Gage's symptoms progressed to include abdominal cramping, diarrhea, dehydration, vomiting, fever, sepsis, acute kidney failure, acute lactic acidosis, adrenal crisis, anemia, thrombocytopenia and atrial fibrillation.  On October 3, 2010, Mr. Gage was admitted to the Regional West Medical Center in Scottsbluff, Nebraska for 10 days, where he underwent a central line placement, colonoscopy, and exploratory laparotomy.

Following the acute hospitalization, Mr. Gage was transferred to the VA hospital in Hot Springs, South Dakota for an additional five days.

11.     After his initial hospitalization Mr. Gage underwent multiple surgeries and hospitalizations to treat the complications from his *Salmonella*-induced illness.  Mr. Gage continues to suffer complications from his *Salmonella*-induced illness.

### FIRST CLAIM FOR RELIEF
(Product Liability)

12.     Plaintiffs hereby incorporate by reference paragraphs 1 – 11 as set out above.

13.     Defendants are the owners and operators of the retail food establishment that manufactured and sold the tainted food that injured Mr. Gage.  The *Salmonella*-contaminated food that Defendants prepared and sold, and that Mr. Gage consumed, caused Plaintiff to become infected with *Salmonella* and suffer damages as a result.

14.     The products sold by Defendants were contaminated with *Salmonella* at the time they left the Defendants' possession or control.

15.     Food products meant for human consumption, like those sold to Mr. Gage, that are contaminated with *Salmonella* bacteria are unreasonably dangerous for their ordinary and expected use – namely, human consumption.  Such a product is thus in an unreasonably dangerous condition not contemplated by an ordinary consumer, making it defective *per se*.

16.     Defendants' products were used by Mr. Gage in the manner expected and intended when Plaintiff consumed them.

17.     Plaintiffs suffered injuries and damages as a direct and proximate result of the defective and unreasonably dangerous condition of the product Defendants sold.

18.     Defendants are strictly liable to for all damages proximately caused by their defective product.

## SECOND CLAM FOR RELIEF
### (Failure to Warn)

19.     Plaintiffs hereby incorporate by reference paragraphs 1 – 18 as set out above.

20.     Defendants are the owners and operators of the retail food establishment that manufactured and sold the tainted food that injured Mr. Gage.  The *Salmonella* contaminated food that Defendants prepared and sold, and that Mr. Gage consumed, caused Plaintiff to become infected with *Salmonella* and suffer damages as a result.

21.     Defendants knew, or should have known by the exercise of ordinary care, that their food products were potentially dangerous.

22.     Defendants failed to warn Plaintiffs and the general public of the dangers inherent in their food products, including the fact that the food products they served were contaminated with biological pathogens such as *Salmonella*, and/or failed to provide adequate instructions regarding the use of its food products.

## THIRD CLAIM FOR RELIEF
### (Negligence)

23.     Plaintiffs hereby incorporate by reference paragraphs 1 – 22 as set out above.

24.    Defendants manufactured, distributed and sold a food product that was adulterated, not fit for human consumption, and that was not reasonably safe as designed, manufactured or sold.

25.    Defendants were negligent in manufacturing, distributing and selling a food product that was adulterated with *Salmonella*, and, therefore, not reasonably safe because of the contamination.

26.    Defendants owed the Plaintiffs a duty to properly supervise, train, and monitor their employees engaged in the preparation, manufacture and/or delivery of their food products to ensure compliance with the Defendants' operating standards and to ensure compliance with all applicable health regulations.

27.    Defendants owed Plaintiffs the duty to exercise reasonable care in the preparation and sale of their food products, as it was reasonably foreseeable that the Defendants' manufacture and sale of food products contaminated with *Salmonella* would cause injury and harm to their customers, including the Plaintiffs. Defendants breached that duty, and thereby caused injury to the Plaintiffs.

28.    Defendants were negligent in producing and selling a food product contaminated with *Salmonella*. Defendants' negligent acts and omissions included, but are not limited to:

   (a)    failing to adequately maintain or monitor the sanitary conditions of their
          food, drink, water, premises, and employees;

   (b)    failing to properly operate their restaurant in a safe, clean, and sanitary
          manner;

(c)   failing to apply its food safety policies and procedures to ensure the safety and sanitary conditions of their food, drink, water, premises, and employees;

(d)   failing to prevent the transmission of *Salmonella* from their food, drink, water, premises, or employees to their business invitees and customers;

(e)   failing to properly train their employees and agents how to prevent the transmission of *Salmonella* on their premises, or in their food, drink and water;

(f)   failing to properly supervise their employees and agents to prevent the transmission of *Salmonella* on their premises, or in their food, drink and water;

(g)   failing to design, implement, have, or enforce a hand-washing or glove-use policy effective to prevent the transmission of *Salmonella* on their premises, or in their food, drink and water; and

(h)   failing to use reasonable care under the circumstances.

29.   Defendants breached the aforementioned duties as alleged herein, and caused injury to the Plaintiffs.

### THIRD CLAIM FOR RELIEF
(Breach of Warranty)

30.   Plaintiffs hereby incorporate by reference paragraphs 1 – 29 as set out above.

31.     Defendants manufactured, sold and distributed food products knowing that such would be consumed by the public.

32.     Defendants were aware that the public would rely on their expertise, skill and judgment to provide food that was safe for human consumption and free of harmful pathogens like *Salmonella*.

33.     Defendants manufactured, distributed and sold a food product that was not fit for human consumption and contained harmful pathogens like *Salmonella*.

34.     By selling a food product unfit for human consumption, Defendants breached their implied warranties to purchasers like the Plaintiffs.

### FOURTH CAUSE OF ACTION
(Loss of Consortium)

35.     Plaintiffs hereby incorporate by reference paragraphs 1 – 34 as set out above.

36.     At all relevant times, Christopher Gage was married to Heather Gage.

37.     As a direct and proximate result of Mr. Gage's injuries that Defendants caused, Mrs. Gage has suffered a loss of Mr. Gage's companionship, comfort, society, services and consortium. Additionally, Mrs. Gage has been required to render substantial services, including nursing care and other attendant care to assist her husband because of the injuries Defendants caused him.

### DAMAGES

38.     Plaintiffs hereby incorporate by reference paragraphs 1 – 37 as set out above.

39.     As a direct and proximate result of Defendants' actions and/or omissions Mr. Gage has suffered physical injury to his person and will in the future suffer physical and mental pain and anguish; disability, past and future, and permanent in nature; loss of enjoyment of life, past and future; incurred expenses of necessary medical care, treatment, and services in excess of $150,000, and will incur such expenses in the future; and Plaintiff has incurred and will in the future incur costs.

## PUNATIVE DAMAGES

40.     Plaintiffs hereby incorporate by reference paragraphs 1 – 39 as set out above.

41.     Defendants' continued refusal/failure to implement and enforce proper food handling practices in conformity with State law and general health standards, despite knowing the dangers and possible consequences, and also Defendants' failure to properly hire, train, instruct, supervise and/or its inappropriate retention of employees, agents, and servants, constitutes willful and wanton misconduct, all of which was committed in reckless disregard for the consequences. Defendants' actions and inactions indiscriminately put all members of the public at risk of serious injury or death because there is no effective action that unsuspecting consumers could have taken to avoid the risk of harm created by Defendants. All of these acts and omissions are such a departure from the ordinary standard of care that Defendants are liable to Plaintiffs for punitive and exemplary damages. Punitive and exemplary damages should be awarded in this matter in an amount sufficient to punish Defendants, to make an example of them and to deter future conduct of the same type. The amount of said punitive damages shall be proven at trial.

9

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

1) For an amount that will reasonably compensate Plaintiffs for all injuries and damages, general and specific, sustained;

2) For punitive damages against Defendants according to proof;

3) For interest as allowed by law;

4) For Plaintiffs' costs, disbursements and reasonable attorney's fees incurred herein; and

5) For such other and further relief as the Court may deem just and proper.

**DATED** and SIGNED this 30th day of September, 2014.

Attorneys for the Plaintiff

Ian K. Sandefer (WSB # 6-4334)
Fuller, Sandefer & Associates
Attorneys at Law, LLC
242 South Grant Street
Casper, WY 82601
(307) 265-3455

And

Kyle J. Long (NSBA #22683)
Robert G. Pahlke (NSBA #13201)
The Robert Pahlke Law Group
2425 Circle Drive, Suite 200
Scottsbluff, NE 69361
(308) 633-4444

## **Demand for Jury Trial**

Plaintiff hereby demands a trial by a jury of six (6) persons of all issues so triable.

DATED and SIGNED this _30th_ day of September, 2014.

Attorneys for the Plaintiff

Ian K. Sandefer (WSB # 6-4334)
Fuller, Sandefer & Associates
Attorneys at Law, LLC
242 South Grant Street
Casper, WY 82601
(307) 265-3455

And

Kyle J. Long (NSBA #22683)
Robert G. Pahlke (NSBA #13201)
The Robert Pahlke Law Group
2425 Circle Drive, Suite 200
Scottsbluff, NE 69361
(308) 633–4444