Scott K. Klosterman (#6-3081)
Keith J. Dodson (#6-4254)
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602-3902
Telephone: (307) 265-0700
Facsimile: (307) 266-2306
E-Mail: sklosterman@wpdn.net
        kdodson@wpdn.net

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CHRISTOPHER GAGE and HEATHER GAGE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1: 14-CV-00193-SWS |
| | ) |
| OVATION BRANDS f/k/a BUFFETS, INC. | ) |
| d/b/a OLD COUNTRY BUFFET, and JOHN | ) |
| DOE 1, fictitious name as real name and address | ) |
| unknown, | ) |
| | ) |
| Defendants. | ) |

---

**DEFENDANT'S MOTION FOR A TEMPORARY STAY OF EXECUTION
ON THE PARTIAL DEFAULT JUDGMENT AND THE JUDGMENT
PENDING DISPOSITION OF THE COURT'S RULING ON DEFENDANT'S
RULE 60(b) MOTION TO SET ASIDE THE JUDGMENT(S) AND/OR
MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

---

COMES NOW Defendant Buffets, Inc., through its counsel Scott P. Klosterman and Keith

J. Dodson of Williams, Porter, Day & Neville, P.C., and pursuant to Rule 62(b)(4) of the Federal

Rules of Civil Procedure hereby moves the Court for its order staying any execution of the *Partial

Default Judgment* (CM ECF Doc. No. 15) and *Judgment in a Civil Action* (CM ECF Doc. No. 29)

pending this Court's ruling and disposition of Defendant's Rule 60(b) motion to set aside both

default judgments, which motion is being filed contemporaneously with this Motion to Stay Execution or in the alternative an order granting a new trial under Rule 59(e) to alter or amend the judgment.

In support of this Motion to Stay Execution pending this Court's disposition of the Rule 60(b) motion to vacate the default judgments, Defendant Buffets, Inc. would show the Court as follows:

1.      Defendant's counsel met and conferred with Plaintiffs' counsel, Robert Pahlke, about this requested temporary stay of execution on November 4 and 6, 2015.  On both occasions, Defendant's counsel asked Mr. Pahlke if Plaintiffs would stipulate to a stay of execution during the time the Court considers Defendant's forthcoming Rule 60(b) motion.  On both occasions, Mr. Pahlke told defense counsel he would have to consult with others before he could make a determination with respect to Defendant's request for a temporary stay.  Mr. Pahlke said he would get back to Defendant's counsel.  Defendant's counsel have heard nothing further from Plaintiffs' counsel.

2.      Partial default judgment (for $641,936.50) was entered on June 30, 2015, and the final judgment (for an additional $10,729,536.00) was entered on October 22, 2015.  Both judgments were entered against Buffets, Inc.  Judgment was not entered against the only company which owned-and-operated the Cheyenne *Country Buffet* restaurant when Mr. Gage allegedly suffered his *Salmonella* food poisoning on October 1, 2010: OCB Restaurant Company, LLC.

3.      Rule 62(b)(4), F.R.Civ.P., expressly provides that the Court may stay execution of a judgment pending disposition of a Rule 60 motion.  In pertinent part, the rule says:

> (b)      **Stay Pending the Disposition of a Motion.**  On appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of any of the following motions:

(1)     under Rule 50, for judgment as a matter of law;

(2)     under Rule 52(b), to amend the findings or for additional findings;

(3)     under Rule 59, for a new trial or to alter or amend a judgment; or

(4)     under Rule 60, for relief from a judgment or order.

4.     The commentators instruct us that, "if a post-trial motion is made, the court is given discretion in Rule 62(b) to stay execution or enforcement of the judgment pending disposition of the motion." Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE Civil 2d § 2903, Vol. 11, pp. 495-96 (1995). The Court need not condition the temporary stay on the defendant posting security for the judgment. *See Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 874 (10th Cir. 1986) (*quoting Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154, 1155 (2d Cir. 1986).

5.     In this case, the facts justify entering a temporary stay without the posting of a bond. Plaintiffs have not yet attempted or sought to make any execution on the partial default judgment or the final default judgment. Plaintiffs will not be prejudiced by a temporary stay of execution, without any bond or other security, during the short time this Court considers and rules upon Defendant's Rule 60(b) motion. *See Ssangyong (U.S.A.), Inc. v. Innovation Group, Inc.,* 2000 WL 1339229 (S.D. Iowa 2000) (granting stay of execution without requiring the posting of a full supersedeas bond, because the brief stay would not unduly endanger the prevailing parties' ability to collect on the judgment); *International Wood Processors v. Power Dry, Inc.,* 102 F.R.D. 212, 215 (D.S.C. 1984) (concluding "[u]nlike the stay pending appeal under Rule 62(d), a stay pending disposition of a motion for judgment n.o.v. and/or a new trial will generally be resolved in far less time than the lengthy process of briefing, argument and disposition which an appeal entails.

Consequently, the risk of an adverse change in the status quo is less when comparing adequate security pending post-trial motions").

6.     While Defendant's Rule 60(b) Motion is pending before this Court, Defendant's financial condition and ability to satisfy the judgment will not be altered to the extent that it cannot satisfy the judgment after the disposition of the post-trial motions.  Defendant Buffets, Inc. has assets in excess of the amount of the judgment.  Defendant will agree to refrain from any sale or disposition of assets outside of the ordinary course of its business until this Court has ruled on the motion for relief under Rule 59 or 60, or will give five days' notice of any proposed closing of a sale out the ordinary course to the Court and Plaintiff's counsel.

7.     Defendant Buffets, Inc. is the wrong Defendant.  The correct Defendant is the OCB Restaurant Company, LLC, the wholly-owned subsidiary company of Buffets, Inc.  Moreover, the Court lacks *in personam* jurisdiction over Buffets, Inc.  Even if the Court has *in personam* jurisdiction over Buffets, Inc., and even if the Court feels the judgment(s) should stand against this parent corporation, the judgment(s) are void under the bankruptcy laws of the United States.  When all of these factors are considered, as they should be, the Court best exercises its wide discretion by granting a *temporary* stay of execution on both judgments, and not conditioning that stay of execution on Buffets, Inc. posting any bond or other security.

8.     In the alternative, Defendant Buffets, Inc. requests that this Court grant a new trial pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to consider whether it lacked *in personam* jurisdiction, had sufficient evidence to conclude Plaintiff's alleged injuries were attributable to food ingested at a restaurant operated by Defendant, and that the evidence supports the damages award.

WHEREFORE, Defendant Buffets, Inc. respectfully requests the Court to grant it a temporary stay of execution on both of the judgments entered in this case during the time the Court considers and rules upon Defendant's Rule 60(b) Motion, and Buffets, Inc. also respectfully requests that no bond or other security be ordered to secure Plaintiffs' judgments or the stay of execution.  Alternatively, Defendant Buffets, Inc. respectfully requests that the Court grant to it a new trial pursuant to Rule 59(e) to alter or amend the judgment.

DATED this 19th day of November, 2015.


OVATION BRANDS f/k/a BUFFET'S INC.
d/b/a OLD COUNTRY BUFFET, Defendant

/s/ Scott P. Klosterman
Scott P. Klosterman (#6-3081)
Keith J. Dodson (#6-4254)
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602-3902
Telephone:     (307) 265-0700
Facsimile:     (307) 266-2306
E-Mail:        sklosterman@wpdn.net
               kjdodson@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 19th day of November, 2015.

Robert G. Pahlke
THE ROBERT PAHLKE LAW GROUP
2425 Circle Drive, Suite 200
Scottsbluff, NE 69363

☒ CM/ECF Electronic Transmission
☐ U.S. Mail (Postage Prepaid)
☐ Fax
☐ Overnight Delivery
☐ Hand Delivery
☐ Email

Ian K. Sandefer
FULLER, SANDEFER & ASSOCIATES
ATTORNEYS AT LAW, LLC
242 South Grant Street
Casper, WY 82601

☒ CM/ECF Electronic Transmission
☐ U.S. Mail (Postage Prepaid)
☐ Fax
☐ Overnight Delivery
☐ Hand Delivery
☐ Email

/s/ Scott P. Klosterman
Scott P. Klosterman